UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID M. LACEY, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Cause No. 3:17-CV-486-JD-MGG |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

David Lacey, Jr., a prisoner without a lawyer, filed a habeas corpus petition challenging the prison disciplinary hearing (MCF 17-03-272) at the Miami Correctional Facility where a Disciplinary Hearing Officer (DHO) found him guilty of trafficking in violation of Indiana Department of Correction (IDOC) policy A-113. ECF 1 at 1. On administrative appeal, Lacey's charge was amended to attempted trafficking in violation of IDOC A-111/A-113. ECF 1 at 7. Lacey was sanctioned with the loss of 90 days earned credit time and was demoted one credit class. Lacey presents one ground which he believes entitles him to relief.

Lacey argues that his disciplinary charge should not have been amended from trafficking to attempted trafficking. He argues that this forced him to "plead out." ECF 1 at 2. His argument appears to be that there was not sufficient evidence of trafficking, and thus he should not have been found guilty of *any* charge. Prisoners are entitled to notice of the basis of the charges against them, as well as a hearing in which to defend themselves. *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). These requirements are satisfied even if the charge is subsequently amended during, or even after, the disciplinary hearing, so long as the underlying factual basis of the original charge was adequate to give the prisoner notice of the allegations against him, and the defense to the

amended charge would be the same as the defense to the original charge. *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir.2003); *Portee v. Vannatta*, 105 F. App'x 855, 856 (7th Cir. 2004). Here, the same factual allegations were used to support the finding of guilt for the attempted trafficking charge as were used in the original trafficking charge. Moreover, his defense to both charges is the same - he claims he did not seek to traffic with Officer Hall. Because the two charges relied on the same factual allegations and involved the same defenses, Lacey is not entitled to habeas corpus relief based on the amendment of his charges.

If Lacey wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit C*ourt, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the habeas corpus petition (ECF 1) is **DENIED** pursuant to Section 2254 Habeas Corpus Rule 4. The clerk is **DIRECTED** to enter judgment and close this case. David Lacey, Jr., is **DENIED** leave to proceed in forma pauperis on appeal.

SO ORDERED.

ENTERED: September 25, 2017

    /s/ JON E. DEGUILIO
Judge
United States District Judge